UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL DEES**                                         **CIVIL ACTION**

**VERSUS**

**NO. 16-163-JJB-RLB**

**PATRICK ANTOS, ET AL.**

## ORDER

Before the Court is Defendants' Motion to Compel Deposition of Plaintiff, or Alternatively, Motion to Dismiss (R. Doc. 12) filed on October 21, 2016. The motion is opposed. (R. Doc. 15).

Also before the Court is Defendants' Motion to Compel Independent Medical Exam of Plaintiff, or Alternatively, Motion to Dismiss (R. Doc. 14) filed on October 26, 2016. The motion is opposed. (R. Doc. 16).

Defendants were granted leave to file a single Reply Memorandum addressing both motions. (R. Doc. 17-1).

The deadline to complete non-expert discovery and to file related motions is November 1, 2016. (R. Doc. 9).

Defendants represent that they have attempted to secure the deposition of Plaintiff since May 11, 2016. In opposition, Plaintiff represents that Defendants delayed scheduling his deposition until after Plaintiffs' medical records were secured and other depositions were taken. Plaintiff states that he has no opposition to being deposed. Plaintiff requests that he be provided time to schedule and take the deposition of defendant Patrick Antos, as Plaintiff has similarly attempted to secure that deposition since May of 2016.

The Court may order sanctions if a party fails to appear for a deposition "after being served with proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i).  Proper formal notice of a deposition "must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

Here, neither party has represented that they served formal notice of the depositions requested on the opposing party as required by Rule 30(b)(1).  Accordingly, the sanctions requested by Defendants are inappropriate and unavailable.  Given the record, however, the Court finds good cause to extend the deadline to complete non-expert discovery to provide the parties time to notice and take the depositions of Plaintiff and Mr. Antos.

Defendants further represent that they have attempted to secure the independent medical examination ("IME") of Plaintiff since June 13, 2016.  Defendants seek an order compelling an IME and for the recovery of $500 incurred as a "no-show fee" because Plaintiff failed to attend an IME scheduled by Defendants to take place on October 25, 2016, with Dr. Najeeb Thomas in Metairie, Louisiana.  Plaintiff opposes the motion on the grounds that Defendants did not obtain a Rule 35 order and there is no good cause for granting a Rule 35 order.

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).  "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder*, 379 U.S. 104, 118

(1964); *see also Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013).

The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion. *Glaze v Bud's Boat Rental, Inc.*, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

The Court will not order Plaintiffs to reimburse Defendants any costs incurred for his failure to attend an IME in the absence of a Rule 35 Order. To the extent Defendants now seek a Rule 35 Order, the Court cannot determine, based on the record before it, whether "good cause" exists for such an order. It is noted, however, that based on the allegations of damages in the petition, including but not limited to pain and suffering, mental anguish and emotional distress, disability and medical expenses, the permissive scope of any IME is likely quite broad. Furthermore, Defendants have not specified in their motion the time, place, manner, conditions, and scope of the prospective examination. The Court does, however, find good cause for extending the non-expert discovery deadline to allow Defendants the opportunity to obtain a Rule 35 Order in accordance with the Federal Rules of Civil Procedure.

Based on the foregoing

**IT IS ORDERED** that Defendants' Motion to Compel Deposition of Plaintiff (R. Doc. 12) and Motion to Compel Independent Medical Exam of Plaintiff (R. Doc. 14) are **DENIED**. The parties shall bear their own costs with respect to these motions.

**IT IS FURTHER ORDERED** that the deadline to complete non-expert discovery is extended to **December 5, 2016**, for the sole purpose of (1) noticing and taking the depositions of plaintiff Michael Dees and defendant Patrick Antos, and (2) seeking an order pursuant to Rule 35 of the Federal Rules of Civil Procedure for the physical and/or mental examination of a party to this litigation.  All other deadlines remain unchanged.

**IT IS FURTHER ORDERED** that the lead attorney on the docket sheet for each party shall confer, in person or by phone, on or before November 7, 2016, to discuss the discovery matters at issue and make a good faith attempt to reach a resolution without court involvement. **Should the parties be unable to resolve these scheduling matters and need court resolution, any motion shall specifically contain a certification specifying when the conference took place, who was present (in addition to the lead attorneys), what matters were discussed, whether any matters were resolved by agreement, and exactly how long the conference took place.**

Signed in Baton Rouge, Louisiana, on November 1, 2016.

  
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**